UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.

DANIELA EMILIA GUAIQUIRE,
Petitioner

v.

LOUIS A. QUINONES, JR., in his official
capacity as Warden of the Orange County Jail;

IMMIGRATION AND CUSTOMS ENFORCEMENT;

ICE FIELD OFFICE DIRECTOR,
ORLANDO FIELD OFFICE,

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;

Respondents.

---

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND
COMPLAINT FOR EMERGENCY INJUNCTIVE AND DECLARATORY RELIEF**

Petitioner, by and through undersigned counsel, files this consolidated and merged Petition for
Writ of Habeas Corpus and Emergency Injunctive Relief, integrating the factual allegations, legal
claims, and Rule 65 showing previously pled, and states:

**I. INTRODUCTION**

1.  This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the
    ongoing and unlawful detention of Petitioner Daniela Emilia Guaiquire at the Orange
    County Jail in Orlando, Florida.

2.  Petitioner is confined without any criminal charges, without a judicial warrant, and
    without lawful authority, solely based on an ICE immigration detainer—an administrative
    request that does not authorize detention.

3. Respondents have threatened and attempted to transfer Petitioner to ICE custody, which would irreparably deprive him of liberty and risk frustrating this Court's habeas jurisdiction.

4. Petitioner seeks immediate release and emergency injunctive relief preserving the status quo pending adjudication of this habeas action.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2243.

6. This Court is authorized to grant the writ and to dispose of the matter as law and justice require.

7. Venue is proper in this District because Petitioner is detained in Orange County, Florida, and Respondents exercise custody in this District.

## III. PARTIES

8. Petitioner Daniela Emilia Guaiquire is a national of Venezuela lawfully present in the United States, currently detained at the Orange County Jail.

9. Respondent Louis A. Quinones, Jr. is the Warden of the Orange County Jail, responsible for Petitioner's day-to-day confinement.

10. Respondents DHS, ICE, and the ICE Orlando Field Office Director are responsible for civil immigration enforcement and the detainer at issue.

## IV. CUSTODY AND EXHAUSTION

12. Petitioner is "in custody" for purposes of 28 U.S.C. § 2241.

13. No adequate or available administrative remedy exists to challenge a local jail's detention based solely on an ICE detainer. Exhaustion is not required and would be futile.

## V. FACTUAL ALLEGATIONS

14. On January 20th, 2026, Petitioner was arrested by the Orange County Sheriff's Office on the stated basis that she was allegedly "undocumented."

15. No criminal charges were filed. No probable cause affidavit exists. No judicial warrant was issued.

16. Petitioner has remained confined at the Orange County Jail without any written notice explaining the legal basis for his detention.

17. Upon information and belief, the sole basis for confinement is an ICE immigration detainer issued under 8 C.F.R. § 287.7.

18. Petitioner is lawfully present in the United States, possesses a valid Florida driver license, Social Security number, and employment authorization, and has a pending asylum application. Petitioner had also applied for temporary protected status and was paroled after entering **See Exhibit A**

19. Respondents have indicated intent to transfer Petitioner to ICE custody before this Court can adjudicate the legality of his detention.

## VI. LEGAL FRAMEWORK AND CLAIMS

A. Habeas Relief Is Available for Unlawful Civil Detention

20. Habeas relief under § 2241 extends to unconstitutional restraints on liberty imposed by state actors acting under color of federal authority.

B. ICE Detainers Do Not Authorize Local Detention

21. An ICE detainer is a request, not a warrant, and confers no independent authority to detain an individual.

22. Detention based solely on a detainer violates the Fourth Amendment and due process.

C. Fourth Amendment – Unreasonable Seizure

23. Petitioner's detention without criminal charges, probable cause, or a judicial warrant constitutes an unreasonable seizure.

D. Fifth and Fourteenth Amendments – Due Process

24. Petitioner has been deprived of liberty without notice, hearing, or lawful process.

E. Ultra Vires Detention

25. Local jail officials lack authority to effectuate civil immigration detention absent lawful federal process.

## VII. EMERGENCY INJUNCTIVE RELIEF (RULE 65)

26. Petitioner incorporates all prior allegations as if fully set forth herein.

27. Temporary and preliminary injunctive relief are warranted because Petitioner satisfies all four required elements under Eleventh Circuit precedent:

## A. Substantial Likelihood of Success on the Merits

28. Petitioner is detained without criminal charges, without a judicial warrant, and solely on the basis of an ICE detainer, which is expressly defined by federal regulation as a request and not a command. See 8 C.F.R. § 287.7.

29. Numerous federal courts have held that detention based solely on an ICE detainer violates the Fourth Amendment and due process, and local jailers lack independent authority to effectuate civil immigration detention.

30. Federal courts across the country have overwhelmingly rejected the Government's position that noncitizens who entered through the border and are lawfully present— whether through Temporary Protected Status ("TPS"), parole, or pending asylum—are subject to mandatory detention without judicial review. Instead, courts have repeatedly held that such individuals are detained, at most, under 8 U.S.C. § 1226(a) and are therefore entitled to habeas relief in the form of release or a bond hearing.

31. In Reyes v. Rose, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026), the court squarely rejected the Government's mass-detention theory and held that the petitioner—who, like Petitioner here, was lawfully present and not subject to removal— was entitled to habeas relief and a bond hearing. The Reyes court further observed the extraordinary and lopsided judicial consensus rejecting the Government's position, noting:

    "As of January 5, 2026, 308 judges have ruled against the Government's mass detention policy — ordering release or bond hearings in more than 1,600 cases — while just 14 judges have sided with the Government's position." *Id.*

32. This stark statistic is not merely persuasive—it is dispositive evidence that the Government's detention theory is an extreme outlier that has been repeatedly repudiated by the federal judiciary. Courts have consistently recognized that lawful presence forecloses detention based solely on immigration status, and that detention without a warrant, criminal charge, or bond hearing violates both the Fourth Amendment and due process.

33. The Middle District Court of Florida has expressly adopted this reasoning in 6:26-cv-00066-RBD-NWH. In granting temporary restraining order relief in a materially indistinguishable habeas case, the Court recognized that noncitizens with TPS and/or pending asylum applications are not subject to mandatory detention, and that continued confinement without a bond hearing is likely unlawful. The Court relied on Reyes as persuasive authority and emphasized that individuals in Petitioner's position are, at minimum, entitled to habeas relief and judicial review of custody.

34. Here, as in Reyes and the more than 1,600 cases nationwide rejecting the Government's position, Petitioner is lawfully present in the United States, is not subject to removal, and is being detained without criminal charges, without a judicial warrant, and without any statutory authority permitting mandatory detention. Given the overwhelming judicial consensus, Petitioner has demonstrated far more than a "substantial likelihood" of success—he has shown that the Government's detention theory has been nearly universally rejected by federal courts.

**B. Irreparable Harm**

35. The loss of physical liberty constitutes irreparable harm as a matter of law. Each additional day of unlawful confinement inflicts harm that cannot be remedied by monetary damages.

36. Transfer to ICE custody would irreversibly alter Petitioner's custodial status, subject him to continued civil detention without judicial process, and risk mooting or frustrating this Court's habeas jurisdiction.

**C. Balance of Harms**

37. The balance of equities weighs decisively in Petitioner's favor. Enjoining transfer merely preserves the status quo and imposes minimal burden on Respondents.

38. By contrast, denial of injunctive relief exposes Petitioner to continued unlawful detention and the risk of jurisdictional evasion through transfer.

**D. Public Interest**

39. The public has a compelling interest in ensuring that detention occurs only pursuant to lawful authority and constitutional safeguards.

40. Preserving the status quo while this Court adjudicates the legality of Petitioner's detention advances, rather than undermines, the public interest.

## VIII. REQUESTED RELIEF

Petitioner respectfully requests that the Court:

a.) Issue a writ of habeas corpus directing Respondents to immediately release Petitioner;

b.) Enter a temporary restraining order and/or preliminary injunction prohibiting Respondents from transferring Petitioner from Orange County Jail custody pending resolution of this action;

c.) Declare that Petitioner's detention based solely on an ICE detainer is unlawful;

d.) Order expedited proceedings under 28 U.S.C. § 2243;

e.) Grant such other relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 22nd, 2026, I electronically served a copy of the foregoing on the Warden, Orange County Jail, 3723 Vision Blvd., Orlando, FL 32839 and ccd@ocfl.net, OCCDRecords@ocfl.net, and ICE-Orlando Field Office Miami.Outreach@ice.dhs.gov , Orlando.DutyAtty@ice.dhs.gov

**THE ARROYO LAW FIRM**
390 N Orange Ave. Suite 625
Orlando, FL 32801
Phone: 407-770-9000
Fax: 407-901-0709

/s/ Phillip Arroyo
PHILLIP ARROYO, ESQ.
Florida Bar No. 1022409
Phillip@ChillCallPhil.com
Josephine@ChillCallPhil.com

Attorney for Defendant

# EXHIBIT A





# UNITED STATES OF AMERICA
# EMPLOYMENT AUTHORIZATION

Surname
**GUAIQUIRE**
Given Name
**DANIELA EMILIA**
USCIS#                           Category Card#
**244-548-681    C08    IOE9132691689**
Terms and Conditions
**None**
Date of Birth              Sex
**17 APR 1995        F**
Country of Birth
**Venezuela**
Valid From: **10/28/25**
Card Expires: **10/27/30**

NOT VALID FOR REENTRY TO U.S.



👤 For: **DANIELA EMILIA GUAIQUIRE**



**U.S. Customs and Border Protection**
*Securing America's Borders*

## Most Recent I-94

**Note to employers, local, state or federal agency granting benefits:**
Please visit the CBP I-94/I-95 Website and click on the tab for "Get Most Recent I-94/I-95" to
perform a search for the applicant to confirm that the biographic and travel information
displayed on this I-94/I-95 printout matches the "Get Most Recent I-94/I-95" returned results
for this applicant. Reference the CBP I-94/I-95 Website FAQs.

**Admission I-94 Record Number:** 920232538A3

**Arrival/Issued Date:** 2024 May 24

**Class of Admission:** DT

**Admit Until Date:** 2025 April 18

**Details provided on the I-94 Information form:**

**Last/Surname:** GUAIQUIRE

**First (Given) Name:** DANIELA EMILIA

**Birth Date:** 1995 April 17

**Document Number:** 183651031

**Country of Citizenship:** Venezuela

▶ Effective April 26, 2013, DHS began automating the admission process. An alien lawfully
admitted or paroled into the U.S. is no longer required to be in possession of a preprinted
Form I-94/I-95. A record of admission printed from the CBP website constitutes a lawful
record of admission. See 8 CFR § 1.4(d).

▶ What to do if someone requests your admission info: If an employer, local, state or federal
agency requests admission information, present your admission (I-94/I-95) number along
with any additional required documents requested by that employer or agency.

▶ For security, close your browser after retrieving your I-94/I-95 number.

OMB No. 1651-0111
Expiration Date: 01/31/2026

GUAIQUIRE, DANIELA EMILIA
14150 Colonial Grand Blvd Orlando Florida
32837
(407) 5209434

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### ORLANDO IMMIGRATION COURT
### ORLANDO, FLORIDA

In the Matter of:         )
        )
        )

GUAIQUIRE, DANIELA EMILIA   )   File No.: A: 244-548-681

GONZALEZ GUAIQUIRE, OSCAR ANDRES    File No.: A: 244-548-685

        )

In Removal Proceedings.     )
        )
        )

Judge:                     Next Master Hearing:

IMMIGRATION JUDGE HONORABLE: Harris, Monique      April 13, 2026

## Respondent's Application for Asylum and for
## Withholding of Removal (1-589) and Supporting Documents

RECEIVED

MAY 01 2025

IMMIGRATION COURT
ORLANDO, FL



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

## Payment Receipt

A payment has been processed for the following case before the Executive Office for Immigration Review.

For cases before the Immigration Court, please contact the Court that is currently hearing your case for questions regarding payment. For cases before the Board of Immigration Appeals (BIA), please contact the BIA Clerk's Office for questions regarding payment at (703) 605-1007.

A copy of this receipt must be included with the application, motion, or appeal that is filed with the Immigration Court or the BIA Clerk's Office. Failure to include a receipt showing proof of payment will result in rejection of the filing.

**A-Number:**     244-548-681

**Payment Tracking ID:** 27RTSATM

**Payment Processed On:** 9/30/2025 7:04:20 PM EST

**Filing Type:** Court - I-589, Application for Asylum (Initial Fee)

**Payment Type:** PLASTIC_CARD

**Payment Amount:** $100.00

Save or print this receipt immediately. A copy will not be sent via email. The tracking ID is required to retrieve a duplicate receipt.

*Please note there is an **annual fee** for all asylum applications, which is due on the anniversary of each calendar year that an alien's asylum application remains pending; no fee-waiver or reduction in fee is permitted. **This fee must be paid timely;** failure to pay within 30 days of the anniversary due date will likely result in pretermission of the asylum application and an order of removal. This will be the only notice that the alien will receive regarding this annual payment requirement. Payment of this fee can be made at https://epay.eoir.justice.gov/index.

Current annual fee amounts can be found at www.justice.gov/eoir/types-appeals-motions-and-required-fees.

DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

In removal proceedings under section 240 of the Immigration and Nationality Act:
Event No: SYS2405009895

Subject ID : 211001107   FIN #: 1361779144       FAMU : FMU2405021234

SIGMA Event: 62166991   DOB: 04/17/1995          File No: 244548681

In the Matter of: GUAIQUIRE, DANIELA EMILIA

Respondent: GUAIQUIRE, Daniela Emilia _____ currently residing at:

3135 Maple Run, Kissimmee, FLORIDA 34744, UNITED STATES OF AMERICA
_____
(Number, street, city, state and ZIP code)                (Area code and phone number)

[x] You are an arriving alien.

[ ] You are an alien present in the United States who has not been admitted or paroled.

[ ] You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:
1. You are not a citizen or national of the United States;
2. You are a native of VENEZUELA and a citizen of VENEZUELA;
3. You applied for admission on 05/23/2024 at SAN YSIDRO, CA, USA;
4. You are an immigrant not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act;

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
See Continuation Page Made a Part Hereof

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

[ ] Section 235(b)(1) order was vacated pursuant to:    [ ] 8CFR 208.30    [ ] 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
500 N. Orange Avenue Ste.1100 STE 1100,
ORLANDO, FL, US 32801
_____
(Complete Address of Immigration Court, including Room Number, if any)

on April 13, 2026   at 01:00 PM   to show why you should not be removed from the United States based on the
(Date)            (Time) NOU, CAR36711

charge(s) set forth above.         CBP OFFICER
_____
                                  (Signature and Title of Issuing Officer)   Digitally Acquired Signature

Date: May 24, 2024     San Ysidro, CALIFORNIA
_____
                       (City and State)

DHS Form I-862 (6 /22)                                          Page 1 of 4

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

Upon information and belief, the language that the alien understands is SPANISH

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request ........................
Before:

_____
(Signature of Respondent)

_____
(Signature and Title of Immigration Officer)

Date: _____

## Certificate of Service

This Notice To Appear was served on the respondent by me on **May 24, 2024**, in the following manner and in compliance with section 239(a)(1) of the Act.

[x] in person  [ ] by certified mail, returned receipt # _____ requested  [ ] by regular mail
[ ] Attached is a credible fear worksheet.
[x] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_Daniela_
_Digitally Acquired Signature_
(Signature of Respondent if Personally Served)

NOU, CAR36711
CBP OFFICER
_____
(Signature and Title of officer)
_Digitally Acquired Signature_

DHS Form I-862 (6/22)

Page 2 of 4